O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 03-7652 PSG (RZx) | Date | April 19, 2010 |
|---|---|---|---|
| Title | Mary Cotton *et al.* v. County of Santa Barbara *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):            Attorneys Present for Defendant(s):

Not Present                                    Not Present

**Proceedings:**     **(In Chambers) Order Permitting Plaintiffs to Seek Wrongful Death Damages**

Pending before the Court is Plaintiffs' special briefing on the issue of damages. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, the Court permits Plaintiffs to seek wrongful death damages. The Court does not, however, permit Plaintiffs to seek recovery for pain and suffering on their survival claim.

I.     Background

Plaintiffs Mary Cotton, as successor in interest for Decedent Russell Dene Cotton ("the Decedent"), and Mary Cotton, Deana McCammon, Sandra Parent, and Patrick Cotton, in their individual capacities (collectively, "Plaintiffs") filed suit against the County of Santa Barbara, law enforcement officers, the Santa Barbara Psychiatric Health Facility, and medical personnel (collectively, "Defendants") for the death of the Decedent. Plaintiffs seek to recover damages allegedly sustained by the Decedent prior to his death ("the survival claims") as well as damages for the loss of support, companionship, love, comfort, and society caused by the alleged violations of their Fourteenth Amendment rights ("the wrongful death claims"). On August 3, 2009, the Court requested supplemental briefing on the issue of damages in the event that Plaintiffs sought recovery under the Fourteenth Amendment. On August 12, 2009, Plaintiffs filed a brief on this issue, and the matter has since been briefed fully. Furthermore, Plaintiffs have recently indicated that they will seek damages for the Decedent's pain and suffering. The Court addresses both issues in this order.

II.    Legal Standard

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-7652 PSG (RZx) | Date | April 19, 2010 |
|---|---|---|---|
| Title | Mary Cotton *et al.* v. County of Santa Barbara *et al.* | | |

As there is no federal law of survivorship, district courts apply state law in determining the remedies available in a civil rights action under 42 U.S.C. § 1983, so long as the remedies are not inconsistent with the U.S. Constitution or federal law. *See Robertson v. Wegmann*, 436 U.S. 584, 588-89, 98 S. Ct. 1991, 56 L. Ed. 2d 554 (1978) (citing 42 U.S.C. § 1988); *Smith v. City of Fontana*, 818 F.2d 1411, 1417 (1987) ("Under section 1988, a section 1983 claim that accrued before death survives the decedent when state law authorizes a survival action as a 'suitable remed[y] . . . not inconsistent with the Constitution and laws of the United States . . . .'" (citations omitted) (alterations in original)). California law permits survivors to pursue survival claims on the decedent's behalf, *see* Cal. Code Civ. P. §§ 377.30-377.35, and wrongful death claims on behalf of the survivors, *see* Cal. Code Civ. P. §§ 377.60-377.62. A survivor may seek recovery for both survival and wrongful death claims in the same action. *See* Cal. Code Civ. P. § 377.62(a) ("An action under Section 377.30 may be joined with an action under Section 377.60 arising out of the same wrongful act or neglect.").

III.   Discussion

Plaintiffs argue that they had a Fourteenth Amendment liberty interest in the companionship of the Decedent, and that California Code of Civil Procedure § 377.60 provides for recovery of lost financial support and companionship. *See Brief* 8:6-9:18. Defendants counter that Plaintiffs' remedies are limited to those available on their survival claim because they failed to adequately plead wrongful death damages. Additionally, Plaintiffs seek to recover for the Decedent's pain and suffering on their survival claim.

   A.   Loss of Support, Companionship, Love, Comfort, and Society

While Defendants do not dispute Plaintiffs' ability to seek damages on their survival claim pursuant to § 377.34, they dispute Plaintiffs' claim to loss of support, companionship, love, comfort, and society. Defendants argue that such damages are not recoverable under § 377.34. However, California law provides for recovery of damages for loss of support and companionship on a wrongful death claim. *See Garcia v. Superior Court*, 42 Cal. App. 4th 177, 186, 49 Cal. Rptr. 2d 580 (1996) ("California law provides, in addition to recovery by the representative of the estate on the decedent's cause of action, a wrongful death action by decedent's heirs." (citing Cal. Code Civ. P. §§ 377.60, 377.61)). On a wrongful death claim, survivors may "recover pecuniary losses caused by the death, including pecuniary support the decedent would have provided them, and noneconomic damages for being deprived of the decedent's society and comfort." *Garcia*, 42 Cal. App. 4th at 187 (citing *Krouse v. Graham*, 19 Cal. 3d 59, 67-68, 137 Cal. Rptr. 863 (1977). Thus, while not recoverable on a survival claim

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-7652 PSG (RZx) | Date | April 19, 2010 |
|---|---|---|---|
| Title | Mary Cotton *et al.* v. County of Santa Barbara *et al.* | | |

under § 377.34, *see Opp.* 6:25-28, damages for loss of financial support and companionship are recoverable on a wrongful death claim.

Defendants argue that, in order to pursue wrongful death damages, Plaintiffs were required to plead specifically a cause of action for "loss of familial association." Plaintiffs did not assert such a cause of action in the First Amended Complaint, and they did not provide a proposed jury instruction on such a claim. *See Opp.* 5:3-8. Thus, according to Defendants, Plaintiffs are limited to the relief available on their survival claim. However, Plaintiffs provided adequate notice in the First Amended Complaint that they were seeking recovery for losses personal to them. *See FAC* ¶ 41("All of these rights and privileges are secured to all *Plaintiffs*/Decedent by the provisions of the Fourth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and by 42 U.S.C. § 1983." (emphasis added)); *id.* ¶ 22 (noting that Plaintiffs bring the action in their individual capacities); *id.* ¶ 44 ("As a result of these acts, *Plaintiffs*/Decedent have lost future income . . . . [and] each have sustained emotional injuries and were required to and did employ physicians and surgeons to examine, treat and care for them . . . ." (emphasis added)). Indeed, in their prayer for relief, Plaintiffs seek damages "for loss of income, loss of benefits and other harm according to proof." *Id.* 27:4-5. Furthermore, Plaintiffs provided sufficient notice of the scope of their alleged injuries during discovery. *See, e.g.*, *Suydam Decl.* ¶ 3, Ex. A, at 3:26-28 (Mary Cotton's Response to Jim Thomas' Special Interrogatories—Set One) ("As a result of my husband's wrongful death, I have lost income because a significant portion of our family's income ceased upon my husband's death. I have also suffered both physically and emotionally."). Accordingly, Plaintiffs are permitted to pursue wrongful death damages for loss of support, companionship, love, comfort, and society.

  B. <u>Pain and Suffering</u>

In a survival action under California law, a decedent's successor in interest may recover damages sustained by the decedent before death, "including any penalties or punitive damages or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and *do not include damages for pain, suffering, or disfigurement*." Cal. Code Civ. P. § 377.34 (emphasis added). Based upon the clear wording of the statute, Plaintiffs are not permitted to seek recovery for the Decedent's pain and suffering.

IV. <u>Conclusion</u>

For these reasons, the Court permits Plaintiffs to seek damages for loss of support,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 03-7652 PSG (RZx) | Date | April 19, 2010 |
|---|---|---|---|
| Title | Mary Cotton *et al.* v. County of Santa Barbara *et al.* | | |

companionship, love, comfort, and society, but does not permit Plaintiffs to seek damages for Decedent's pain and suffering.

**IT IS SO ORDERED.**